United States District Court
Southern District of Texas

**ENTERED**

March 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SAID HNIGUIRA,            §
A#200741174,              §
                          §
        Petitioner,       §
                          §        CIVIL ACTION NO. H-23-3314
v.                        §
                          §
ALEJANDRO MAYORKAS, et al.,§
                          §
        Respondents.      §

## MEMORANDUM OPINION AND ORDER

The petitioner, Said Hniguira (A#200741174), is a detainee in custody of United States Immigration and Customs Enforcement at the Montgomery Processing Center in Conroe, Texas (Docket Entry No. 11). He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his mandatory detention without bond. Now pending is Respondents' Motion to Dismiss (Docket Entry No. 13) for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The petitioner has filed Plaintiff's Motion to Reply, which is construed as a response ("Petitioner's Response") (Docket Entry No. 17). The respondents have submitted Respondents' Reply in Support of Motion to Dismiss ("Respondents' Reply") (Docket Entry No. 22). After considering all of the pleadings and the applicable law, the Respondents' Motion to Dismiss will be denied for the reasons explained below.

## I.  **Background**

The petitioner is a native and citizen of Morocco.[1]  He was admitted to the United States on May 26, 2011, on a K-1 visa as the fiancé of a United States citizen.[2]   He married Penny V. Whitaker/Humphrey,[3] and was granted permanent resident status in the United States on July 3, 2012.[4]

The petitioner acknowledges that he has accumulated a criminal record with multiple convictions since his arrival in the United States.[5]  According to the available records the petitioner was convicted of driving under the influence in 2016 and 2020.[6]  He was also convicted of several other offenses, including burglary,

---

[1]Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485 Application"), Exhibit 2 to Respondents' Motion to Dismiss, Docket Entry No. 13-2, p. 1.  For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Id.

[3]Id. at 3.

[4]See Petition, Docket Entry No. 1, p. 6; see also United States Permanent Resident Card, Exhibit to Petitioner's Response, Docket Entry No. 17-10, p. 1.

[5]Petition, Docket Entry No. 1, p. 6; Petitioner's Response, Docket Entry No. 17, pp. 3-4.

[6]Record of Deportable/Inadmissible Alien, Exhibit 3 to Respondents' Motion to Dismiss, Docket Entry No. 13-3, p. 2. "Evidence of two or more convictions for driving under the influence during the relevant period establishes a presumption that an alien lacks good moral character under INA § 101(f), 8 U.S.C. § 1101(f)."  Matter of Castillo-Perez, 27 I&N Dec. 664, 664, Interim Decision 3965, 2019 WL 5546809, at *1 (Oct. 25, 2019).

fraud, multiple counts of assault causing bodily injury to a family member, and sexual assault:

1.  On October 27, 2020, the petitioner pled guilty in the 426th District Court of Bell County, Texas, to the state jail felony offense of burglary of a building.[7]  He received a six-year term of deferred adjudication for that offense, which was committed on October 10, 2019.[8]

2.  On October 27, 2020, the petitioner pled guilty in the 426th District Court of Bell County, Texas, to the third-degree felony offense of claiming a lottery prize by fraud.[9]  He received a six-year term of deferred adjudication for that offense, which was committed on September 20, 2019.[10]

3.  On October 30, 2020, the petitioner pled nolo contendere in County Court at Law Number Two/Three, Bell County, Texas, to the Class A misdemeanor offense of assault causing bodily injury to a family member.[11]  He received a sentence of 120 days confinement in jail for that offense, which was committed on July 10, 2020.[12]

4.  On January 7, 2022, the petitioner pled nolo contendere in County Court at Law Number Two/Three, Bell County, Texas, to the Class A misdemeanor offense of assault causing bodily injury to a family member.[13]  He received a sentence of 200 days

_____

[7]Order of Deferred Adjudication in Cause No. 81739, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 1.

[8]Id.

[9]Order of Deferred Adjudication in Cause No. 81740, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 6.

[10]Id.

[11]Judgment and Sentence in Cause No. 2C2003659, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 11.

[12]Id.

[13]Judgment and Sentence in Cause No. 21CCR04310, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 21.

confinement in jail for that offense, which was committed on July 15, 2021.[14]

5.  On October 4, 2022, the petitioner pled guilty in the 426th District Court of Bell County, Texas, to the second-degree felony offense of sexual assault.[15]  He received a four-year term of deferred adjudication probation for that offense, which was committed on July 4, 2021.[16]

6.  On December 12, 2022, the petitioner pled guilty in the 478th District Court of Bell County, Texas, to the third-degree felony offense of assault on a family or household member with a previous conviction.[17]   He received a four-year term of adjudication probation for that offense, which occurred on July 4, 2021.[18]

Each of the petitioner's convictions for assault involved domestic violence perpetrated against his wife, Penny.[19]

---

[14]Id.

[15]Written Plea Agreement, Compliance Statement, and Waivers in Cause 22DCR86003, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, pp. 47, 51.

[16]Id. at 47; Indictment in Cause 22DCR8603, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 45.

[17]Order of Deferred Adjudication in Case No. 22DCR86003 Count No. Two, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 35.

[18]Id.

[19]Information - General, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 15 (assault causing bodily injury to a family member on July 10, 2020); Affidavit Submitted for Probable Cause Determination, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 17 (assault causing bodily injury to a family member on July 10, 2020); Affidavit for Arrest Warrant, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 23 (assault causing bodily injury to a family member on July 15, 2021); Information - General, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 33 (assault causing bodily injury to a family member on July 15, 2021); Affidavit for Arrest, Exhibit 4 to Respondents' Motion to Dismiss, Docket Entry No. 13-4, p. 43 (sexual assault on July 4, 2021).

The petitioner was charged with being a deportable alien under two separate statutory provisions: (1) under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes of moral turpitude; and (2) under 8 U.S.C. § 1227(a)(2)(E)(i) for having domestic violence convictions.[20] The petitioner has been in immigration custody since January 12, 2023.[21] He was ordered removed on May 22, 2023.[22] On August 21, 2023, the petitioner appeared in court and requested release on bond.[23] The immigration judge denied the request, citing the removal order that had been entered against him, which was on appeal.[24] After the matter was remanded by an appellate tribunal for additional fact finding, the immigration judge entered a second order of removal on October 16, 2023, describing the petitioner's criminal record with detail and denying him relief in the form of cancellation of removal.[25]

---

[20]See Record of Deportable/Inadmissible Alien, Exhibit 3 to Respondents' Motion to Dismiss, Docket Entry No. 13-3, p. 2; Notice to Appear, Exhibit 5 to Respondents' Motion to Dismiss, Docket Entry No. 13-5, p. 4.

[21]Petition, Docket Entry No. 1, p. 6.

[22]See Order of the Immigration Judge, Exhibit 6 to Respondents' Motion to Dismiss, Docket Entry No. 13-6, pp. 1, 3.

[23]See id. at 5.

[24]Id.

[25]See Decision of the Board of Immigration Appeals, Exhibit 7 to Respondents' Motion to Dismiss, Docket Entry No. 13-7, pp. 3-4 (remanding the proceeding for additional fact finding); Remand Decision and Order of the Immigration Judge, Exhibit 8 to Respondents' Motion to Dismiss, Docket Entry No. 13-8, pp. 6-8 (denying the petitioner's application for cancellation of removal and ordering him removed to Morocco).

The petitioner reports that he was denied release on bond without a hearing under Section 236(c) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226(c), because of the removal order entered against him.[26] This statute provides that the Attorney General "shall take into custody any alien" who is deportable due to convictions for certain criminal offenses, including those having two or more convictions for crimes involving moral turpitude 8 U.S.C. § 1227(a)(2)(A)(ii).   See 8 U.S.C. § 1226(c)(1)(B).  A person subject to mandatory detention pursuant to Section 236(c) may be released on bond only if he is part of a witness protection program and is not a flight risk or a danger to others.   See 8 U.S.C. § 1226(c)(2); Jennings v. Rodriquez, 138 S. Ct. 830, 838 (2018).

On August 31, 2023, the petitioner filed his habeas corpus Petition under 28 U.S.C. § 2241, challenging the denial of release on bond while awaiting his removal.[27]  He argues that his continued detention without consideration for bond or a hearing violates his right to due process under the Fifth Amendment.[28]  He seeks release from detention or, alternatively, an individual bond hearing before an impartial tribunal.[29]

---

[26]Petitioner's Response, Docket Entry No. 17, p. 1.

[27]Petition, Docket Entry No. 1, pp. 6, 8.

[28]Id. at 6.

[29]Id. at 7.

-6-

The respondents argue that the court lacks jurisdiction over the Petition because the petitioner's challenge to his removal order is barred by the REAL ID Act of 2005.[30] The respondents note further that although an appeal from his order of removal remains pending, the petitioner did not pursue an appeal from the immigration judge's decision to deny a bond.[31] The respondents argue, therefore, that the Petition should be dismissed because petitioner has not exhausted administrative remedies as required before seeking relief in federal court.[32] These arguments are addressed below under the standard of review.

## II. **Standard of Review**

### A. **Motions Under Fed. R. Civ. P. 12(b)(1)**

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Federal courts are "courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." Halmekangas v. State Farm Fire and Casualty Co., 603 F.3d 290, 292 (5th Cir. 2010) (internal quotation marks and citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Hooks v. Landmark

---

[30]Respondents' Motion to Dismiss, Docket Entry No. 13, pp. 6-8.

[31]Id. at 9.

[32]Id. at 9-10.

-7-

Industries, Inc., 797 F.3d 309, 312 (5th Cir. 2015) (internal quotation marks and citation omitted).

A district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based "'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Flores v. Pompeo, 936 F.3d 273, 276 (5th Cir. 2019) (quoting Robinson v. TCI/US W. Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## B.   Motions Under Fed. R. Civ. P. 12(b)(6)

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure.   A pleading is sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).   Because the petitioner represents himself, the court is required to give his pro se submissions a liberal construction.   See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers).   In reviewing a motion under Rule 12(b)(6), a court must "'accept[] all well-pleaded facts as true and view[] those facts in

-8-

the light most favorable to the plaintiff.'" Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff need only provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In considering a Rule 12(b)(6) motion to dismiss, review is typically confined to the contents of the pleadings. When deciding a Rule 12(b)(6) motion a court may refer to "matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). In limited circumstances a district court may also consider documents attached to a motion to dismiss. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). The Fifth Circuit made it clear, however, that "such consideration [is limited] to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins, 224 F.3d at 498-99).

## III.  Discussion

### A.  Jurisdiction and the REAL ID Act

The petitioner seeks a writ of habeas corpus to secure his release from unlawful confinement.[33] "Writs of habeas corpus may

---

[33]Petition, Docket Entry No. 1, pp. 6-7.

be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . ." 28 U.S.C. § 2241(a). The writ of habeas corpus is available to any individual who can demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal district court has subject matter jurisdiction under § 2241 to hear an alien's constitutional claims concerning the lawfulness of his detention. See Demore v. Kim, 123 S. Ct. 1708, 1714 (2003).

The respondents move to dismiss for lack of subject matter jurisdiction nonetheless, arguing that a federal writ of habeas corpus is not available to the petitioner because judicial review is barred by the REAL ID Act.[34] The REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a), makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means for judicial review" for orders of removal:

Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in [8 U.S.C. § 1252(e)].

8 U.S.C. § 1252(a)(5). The Fifth Circuit has recognized that the REAL ID Act "divested district courts of jurisdiction over removal

[34]Respondents' Motion to Dismiss, Docket Entry No. 13, pp. 6-8.

-10-

orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). As such, habeas corpus review is not available, and there is no jurisdiction for a federal district court to hear an immigration detainee's challenge to a removal order.

The petitioner argues that the respondents' arguments are misplaced because he is not challenging the validity of his removal order.[35] The petitioner clarifies that he is challenging the constitutionality of his mandatory detention under INA § 236(c), 8 U.S.C. § 1226(c).[36] He contends that the mandatory detention statute violates his right to substantive and procedural due process and is unconstitutional as applied to him.[37]

The Petition seeks "an individual bond hearing" for purposes of release on bond and does not include a challenge to the order of removal.[38] Because the petitioner is not challenging his removal order, the respondents' arguments concerning the REAL ID Act are inapplicable. See Maldonado v. Macias, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and

---

[35]Petitioner's Response, Docket Entry No. 17, p. 7.

[36]Id.

[37]Id.

[38]Petition, Docket Entry No. 1, p. 6.

-11-

constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself."); Vasquez v. Aleman, Misc. Action No. 5:19-MC-611, 2020 WL 13556584, at *3 (S.D. Tex. April 21, 2020) ("The REAL ID Act does not, however, preclude habeas review over challenges to detention that are independent of challenges to removal orders.") (citing H.R. Conf. Rep. No. 109-72, at 175 (May 3, 2005); Oyelude v. Chertoff, 125 F. App'x 543, 546 (5th Cir. 2005) (holding that federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues")).    Therefore, Respondents' Motion to Dismiss for lack of subject matter jurisdiction will be denied.

## B.    Exhaustion of Administrative Remedies

The respondents note that the petitioner did not file an appeal after he was denied bond by the immigration judge on August 21, 2023.[39]    The respondents note further that the petitioner's appeal concerning his removal order remains pending.[40] The respondents argue, therefore, that this action must be dismissed for failure to state a claim upon which relief may be granted because petitioner has not exhausted administrative remedies.[41]

---

[39]Respondents' Motion to Dismiss, Docket Entry No. 13, p. 9.

[40]Id.

[41]Id.

Exhaustion of all available administrative remedies is typically required before administrative determinations may be subject to federal judicial review. See, e.g., Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). Proper exhaustion requires compliance with the agency's procedural rules. See id. at 2386. Under the immigration laws exhaustion of administrative remedies is statutorily required only on appeals from final orders of removal. See 8 U.S.C. § 1252(d)(1). As noted above, the petitioner challenges the constitutionality of the mandatory detention statute, 8 U.S.C. § 1226(c), arguing that the refusal to consider him for a bond violates his right to substantive and procedural due process.[42] The Board of Immigration Appeals ("BIA") has expressly stated that it lacks authority to adjudicate this question. See In re Joseph, 22 I&N Dec. 660, 665 Interim Decision 3387, 1999 WL 271357, at *5 (BIA 1999) ("We note that it is not within the purview of this Board to pass upon the constitutionality of the mandatory detention provision in section 236(c)(1) . . . ."); see also Liu v. Waters, 55 F.3d 421, 425 (9th Cir. 1995) ("[T]he BIA lacks jurisdiction to decide questions of the constitutionality of governing statutes or regulations.").

Exhaustion of administrative remedies is not required where an appeal of the issue to the BIA appears to be futile. See Shurney

---

[42]Petition, Docket Entry No. 1, p. 6; Petitioner's Response, Docket Entry No. 17, p. 7.

v. Immigration & Naturalization Service, 201 F. Supp. 2d 783, 789 (N.D. Ohio 2001); Galvez v. Lewis, 56 F. Supp. 2d 637, 644 (E.D. Va. 1999); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (exhaustion of administrative remedies is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action"); Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012) (holding that a prisoner was not required to exhaust a challenge to the constitutionality of a Bureau of Prisons regulation). Therefore, Respondents' Motion to Dismiss for lack of exhaustion will be denied. Because the respondents have not otherwise addressed the merits of the petitioner's constitutional claims, the court will request additional briefing in the form of an answer or other appropriate responsive pleading.

## IV.   **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.   Respondents' Motion to Dismiss (Docket Entry No. 13) is **DENIED.**

2.   The government is directed to file an answer or other appropriate responsive pleading no later than 60 days from the date of this Memorandum Opinion and Order.

3.   The petitioner will have 30 days from the date shown on the respondents' certificate of service to file any reply.

        The Clerk shall provide a copy of this Memorandum Opinion and
Order to the parties.

        **SIGNED** at Houston, Texas, on this 20th day of March, 2024.

                                        SIM LAKE
                          SENIOR UNITED STATES DISTRICT JUDGE